**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4921**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

IRFAN M. JAMEEL,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:13-cr-00098-HCM-LRL-1)

Submitted: August 28, 2015        Decided: October 7, 2015

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Brian Donnelly, J. BRIAN DONNELLY, P.C., Virginia Beach, Virginia, for Appellant. Dana J. Boente, United States Attorney, Robert J. Krask, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Irfan M. Jameel of wire fraud affecting a financial institution, 18 U.S.C. §§ 2, 1343, 3293 (2012) (Count 1); financial institution fraud, 18 U.S.C. §§ 2, 1344 (2012) (Counts 2 and 3); and using a false social security number, 18 U.S.C. § 2, 48 U.S.C. § 408(a)(7)(B) (2012) (Count 4). Jameel received a 108-month sentence. Pursuant to the indictment, the district court also entered a forfeiture money judgment in the amount of $3,927,591.66. On appeal, Jameel alleges that (1) the offenses in the indictment were impermissibly joined and, if not, the district court abused its discretion in denying his motion to sever Count 4; (2) the district court erred in denying his proposed jury instructions regarding state of mind; and (3) the district court erred in permitting the Government to obtain a money judgment in lieu of forfeiture of specific property and, if not, he was entitled to submit the monetary determination to a jury. Jameel has also filed a pro se supplemental brief. Finding no reversible error, we affirm.

Jameel first claims that the district court erred in ruling that Fed. R. Crim. P. 8(a) permitted joinder of Count 4 of the indictment, fraudulent use of a social security number, with the other three counts of the indictment. He further claims that, even if proper, under Fed. R. Crim. P. 14, the joinder was prejudicial because the evidence associated with the wire fraud

2

and bank fraud charges would not have been admissible at a separate trial on the unrelated charge of fraudulent use of a social security number.

Rule 8(a) provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). We interpret the second and third alternative prongs "flexibly, requiring that the joined offenses have a logical relationship to one another." United States v. McLaurin, 764 F.3d 372, 385 (4th Cir. 2014) (citation and internal quotation marks omitted), cert. denied, 135 S. Ct. 1842 (2015). "Joined offenses have a logical relationship to one another for Rule 8(a) purposes, when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." Id. (citation and internal quotation marks omitted). Because of the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources, joinder is the rule rather than the exception. United States v. Hawkins, 589 F.3d 694, 700 (4th Cir. 2009).

"The question of '[w]hether offenses in an indictment are improperly joined under Rule 8(a) is a question of law reviewed de novo.'" United States v. Blair, 661 F.3d 755, 768 (4th Cir.

3

2011) (quoting United States v. Cardwell, 433 F.3d 378, 384–85 (4th Cir. 2005)), cert. denied, 132 S. Ct. 2740 (2012).  If joinder was improper, we "review this nonconstitutional error for harmlessness, and reverse *unless* the misjoinder resulted in no 'actual prejudice' to the defendants 'because it had [no] substantial and injurious effect or influence in determining the jury's verdict.'"  United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003) (emphasis in original) (quoting United States v. Lane, 474 U.S. 438, 449 (1986)).  If joinder was proper, the defendant can still challenge the joinder under Rule 14, which provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts. . . ." Fed. R. Crim. P. 14().  Under Rule 14, a properly joined claim can be severed only if there is a "serious risk" that joining the claims would "prevent the jury from making a reliable judgment about guilt or innocence." Blair, 661 F.3d at 768. We have reviewed the district court's order denying Jameel's misjoinder motion and motion to sever and conclude that joinder was proper and that the district court did not abuse its discretion in denying Jameel's motion to sever.

Jameel next claims that the district court erred by refusing to allow a jury instruction that distinguished a mens rea of carelessness from knowledge.  He also sought an instruction requiring the jury to find, in order to convict,

4

that Jameel had knowledge that his conduct was unlawful. Jameel's theory of the case below was that he had a subjective belief that he was accurately representing his income to the lenders named in Counts 1, 2, and 3, and that he was authorized to use his father's social security number in the manner that he did for purposes of Count 4. His defense was that he did not knowingly execute a scheme to defraud, but acted because of ignorance, mistake, or carelessness.

With respect to Counts 1-4, the court instructed the jury that Jameel must have acted "knowingly":

> The term "knowingly" as used in these instructions in describing the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

Jameel unsuccessfully moved to insert "carelessness" in addition to "ignorance, mistake, or accident."

We review for abuse of discretion a district court's decision whether to give a proffered jury instruction. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). The court commits reversible error in declining to give a proffered jury instruction if the instruction was correct, not substantially covered by the remainder of the court's jury charge, and addressed "some point in the trial so important, that failure to give the requested instruction seriously impaired the

5

defendant's ability to conduct his defense." United States v. Woods, 710 F.3d 195, 206 (4th Cir. 2013) (citation omitted). In making this inquiry, we review jury instructions holistically, considering whether, taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law. United States v. Hickman, 626 F.3d 756, 771 (4th Cir. 2010). A district court errs in refusing to give a jury instruction regarding a defense only if the instruction is both an accurate statement of the law and has an evidentiary foundation. United States v. Powell, 680 F.3d 350, 356 (4th Cir. 2012). Applying this standard, we conclude that the district court did not err in denying the proposed instruction.

To the extent Jameel sought an instruction requiring the jury to find, in order to convict, that Jameel had knowledge that his conduct was unlawful, this argument too is unavailing. See United States v. Frazier-El, 204 F.3d 553, 561 (4th Cir. 2000) ("The conventional mens rea of criminal statutes . . . requires not that a defendant know that his conduct was illegal, but only that he know the facts that make his conduct illegal." (citation and internal quotation marks omitted)). We therefore conclude that the district court did not err in refusing Jameel's proposed jury instructions.

Last, Jameel argues on appeal that because the proceeds of his offenses could be traced to real property (the Richardson

Road property), the district court erroneously entered a forfeiture of money judgment against him in the amount of $3,927,591.66. He further claims the entry of a money judgment deprived him of his right to a jury determination on the forfeiture of such property.

In an appeal from criminal forfeiture proceedings, we review the district court's findings of fact for clear error and conclusions of law de novo. United States v. Herder, 594 F.3d 352, 363 (4th Cir. 2010). To obtain a forfeiture order, the Government must establish a nexus between the property and the crime by a preponderance of the evidence. Id. at 364; Fed. R. Crim. P. 32.2(b)(1)(A). A court's forfeiture determination may be based on record evidence or any additional evidence submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

The indictment in this case contained a forfeiture allegation notifying Jameel that upon conviction of the offenses charged in Counts 1 through 3, he would forfeit "any property, real or personal, from proceeds obtained directly or indirectly, as a result of or traceable to, such violations." The court held a hearing on the Government's motion for preliminary forfeiture of property and, by written order, granted the Government's motion

Jameel's first argument that a money judgment was inappropriate because the specific property that constitutes the proceeds of the offense is still available is foreclosed by this court's decision in United States v. Blackman, 746 F.3d 137, 145 (4th Cir. 2014) ("It is well settled that nothing in the applicable forfeiture statutes suggests that money judgments are forbidden. . . . Such judgments would seem especially appropriate where physical assets derived from the conspiracy are no longer traceable or available." (citation and internal quotation marks omitted)). The proceeds from the Richardson Road property were no longer available as Jameel pledged the property as collateral for his loans. A trustee held the title for the benefit of the secured credits. Furthermore, there was negative equity in the home of at least $1,163,524.42. Under these circumstances, we conclude that a money judgment was appropriate in this case. See id. at 144 ("Forfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of sentencing.").

To the extent Jameel claims he was entitled to a jury trial to determine the amount of the money judgment, his argument is without merit. See Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered

8

to pay"); see also United States v. Curbelo, 726 F.3d 1260, 1277 (11th Cir. 2013) (right to jury trial under Fed. R. Crim. P. 32.2(b)(5) applies only to specific property, not to the amount of a monetary judgment).

Accordingly, we affirm Jameel's convictions and sentence. We have reviewed Jameel's pro se supplemental brief and discern from it no valid basis to overturn the criminal judgment. We further deny Jameel's pro se motions to compel, to strike counsel's opening brief, for de novo review of the entire case, for leave to file a formal brief, to exceed limitations for such brief, and for transcript at government expense, and all other pending motions. We also deny as moot his pro se motion for stay pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED